**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **WILLIE JAMES TERRELL, JR.,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | |
| **VS.** | : | |
| | : | **Civil No: 5:26-CV-00501-MTT-CHW** |
| **DOOLY STATE PRISON, *et al.*,** | : | |
| | : | |
| **Respondents** | : | |

## ORDER

*Pro se* Petitioner Willie James Terrell, Jr., a prisoner at Dooly State Prison in Unadilla, Georgia, has filed a pleading using a standard form for petitions for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner has not paid the filing fee. Therefore, the Court reasons Petitioner also seeks leave to proceed *in forma pauperis*. For the reasons provided below, leave to proceed *in forma pauperis* is **DENIED and this civil action** is **DISMISSED without prejudice**.

## DISCUSSION

### I. Claims Not Cognizable Under 28 U.S.C. § 2241

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). "By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may

be brought pursuant to § 1983 in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Muhammad*, 540 U.S. at 750 and *Preiser*, 411 U.S. at 498–99). "[H]abeas and § 1983 are mutually exclusive avenues for relief." *Boyd v. Warden*, 856 F.3d 853, 865 (11th Cir. 2017) (citation omitted); *see also Siskos v. Sec'y, Dep't of Corrs.*, 817 F. App'x 760, 763-64 (11th Cir. 2020) (per curiam) (explaining habeas corpus sole remedy for prisoner seeking immediate or speedier release, while challenges to conditions of prison life but not fact or length of confinement properly brought under § 1983).

In this case, Petitioner does not contest a "state court decision or any other court" nor does he challenge the fact or duration of his imprisonment sentence. ECF No. 1 at 4-5. Instead, he complains that he was placed in administrative segregation by prison officials without a disciplinary report or hearing. *Id*. Petitioner's claims are cognizable in a civil rights complaint brought under § 1983, *Quintanilla v. Bryson*, 730 F. App'x 738 (11th Cir. 2018) (per curiam), but are not cognizable in a petition for writ of habeas corpus. *See, e.g.*, *Kerlin v. Barnard*, 742 F. App'x 488, 489 (11th Cir. 2018) (per curiam) ("[T]he district court should dismiss a habeas petition raising a claim available under § 1983."); *Goodman v. Warden*, 687 F. App'x 788, 788–89 (11th Cir. 2017) (per curiam) (finding that prisoner's challenges to conditions of confinement, including a claim that prisoner was entitled to less restrictive confinement, "are raised properly in a 42 U.S.C. § 1983 civil action[,] not in a habeas proceeding." (citing *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013))). Petitioner's claims are therefore not cognizable in a habeas corpus action and will not be treated as such.

**II. Claims under 42 U.S.C. § 1983**

"When a pro se habeas corpus petition may be fairly read to state a claim under the Civil Rights Act, it should be so construed." *McDonald v. Bates*, 23 F. App'x 828, 828 (9th Cir. 2001); *see also Cruitt v. Ala.*, 647 F. App'x 909 (11th Cir. 2016) (per curiam) (vacating and remanding case where district court dismissed access-to-courts claim brought in § 2254 petition and failed to construe the action as arising under § 1983); *Muhammad v. Williams-Hubble*, 380 F. App'x 925, 926 (11th Cir. 2010) (per curiam) (construing claims raised in a purported habeas petition concerning deprivation of constitutional rights perpetrated by federal officers as a *Bivens* lawsuit). Therefore, rather than dismiss Petitioner's claims as presented, the Court construes Petitioner's Complaint as seeking relief under 42 U.S.C. § 1983. *See, e.g.*, *United States v. Florence*, 2019 WL 1219627, at *1 (11th Cir. Mar. 14, 2019) (observing that *pro se* petitioner's motion was entitled to be construed as brought under "the only vehicle that could possibly provide him relief.").

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis:*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*,

185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.* The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Petitioner has filed nearly one hundred (100) federal lawsuits and/or appeals and that at least three of his complaints or appeals have been dismissed as frivolous, malicious, or for failure to state a claim.. *See, e.g.*, *Terrell v. Fulton Cty.*, 1:09-CV-00513-TWT (N.D. Ga. May 26, 2009) (dismissed for failure to state a claim); *Terrell v. Grady Mem. Hosp.*, 1:08-CV-03931-TWT (N.D. Ga. May 29, 2009) (dismissed for failure to state a claim); *Terrell v. Grady Mem. Hosp.*, 09-13077-D (11th Cir. 2009) (issued by three-judge panel, "This Court now finds that the appeal is frivolous.").

Additionally, Petitioner has been identified as having three strikes in multiple other federal lawsuits where he was denied leave to proceed *in forma pauperis* under § 1915(g) and the cases were dismissed. *See, e.g., Terrell v. Schwall*, Case No. 7:10-cv-00151 (M.D. Ga. Jan. 21, 2011); *Terrell v. Owens*, Case No. 1:12-cv-00017 (S.D. Ga. May 25, 2012); *Terrell v. Adger*, Case No. 1:15-cv-02947 (N.D. Ga. Oct. 8, 2015); *Terrell v. Brooks*, Case

No. 5:18-cv-00220 (M.D. Ga. Oct. 17, 2018); *Terrell v. Whatley*, Case No. 1:24-cv-00059 (M.D. Ga. Nov. 4, 2025).

Petitioner is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Nowhere in Petitioner's complaint does he provide any facts suggesting that he is in imminent danger of suffering any serious physical injury. Therefore, Petitioner will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."); *see also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of

*in forma pauperis* motion and dismissing complaint under § 1915(g)). Accordingly, Petitioner will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his complaint is **DISMISSED WITHOUT PREJUDICE.**[1]

**SO ORDERED**, this 6th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

[1] The Court notes that Petitioner has repeatedly attempted to circumvent the three strikes bar by filing his civil rights claims as habeas petitions and in many of these he has repeatedly attempted to contest his placement in administrative segregation. *See, e.g.*, *Terrell v. Conley*, 5:17-CV-00324-MTT-CHW (M.D. Ga. Oct. 12, 2018); *Terrell v. Dozier*, 5:17-CV-00478-TES-CHW (M.D. Ga. July 13, 2018); *Terrell v. Ford*, 1:18-CV-00126-LAG- TQL (M.D. Ga. Sept. 12, 2018); *Terrell v. Gregory*, 1:18-CV-00114-LAG-TQL (M.D. Ga. Nov. 14, 2018); *Terrell v. Calhoun State Prison*, 5:18-CV-00332-MTT-CHW (M.D. Ga. Feb. 27, 2019); *Terrell v. Smith*, 1:19-CV-00037-LAG-TQL (M.D. Ga. May 9, 2019). It should be clear to the Petitioner by now that he cannot circumvent the three strikes bar by labeling his conditions of confinement claims as habeas petitions and that a habeas petition is not the proper means to challenge confinement in administrative segregation.